IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY TOLOSA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENSINGTON REDWOOD CITY LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05564-MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFS; CONTINUING HEARING ON DEFENDANT KSL'S MOTION TO REMAND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is plaintiff Emily Tolosa's ("Tolosa") "Motion to Remand Action to State Court," filed August 19, 2021. Defendant Kensington Senior Living, LLC ("KSL") has filed opposition, to which Tolosa has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds it appropriate to afford the parties leave to address a jurisdictional issue not addressed in the parties' respective filings, specifically, whether diversity of citizenship exists.

In the above-titled action, Tolosa asserts state law claims arising from her employment by defendants KSL and Kensington Redwood City LLC ("KRC") at a "senior care facilit[y]" in San Mateo, California. (See Compl. ¶¶ 3-4.) Tolosa seeks to proceed on her own behalf and on behalf of a putative class.

In its Notice of Removal, KSL asserts jurisdiction exists over Tolosa's claims under the Class Action Fairness Act ("CAFA"). Under CAFA, a district court has jurisdiction over a class action where the amount in controversy exceeds $5,000,000 and the parties are minimally diverse. See 28 U.S.C. § 1332(d)(2). Tolosa, in her motion to remand, has disputed KSL's showing as to the requisite amount in controversy. Although Tolosa has

1  not addressed KSL's showing as to diversity of citizenship, such showing, as set forth
2  below, appears deficient in two respects.  See Herklotz v. Parkinson, 848 F.3d 894, 897
3  (9th Cir. 2017) (holding, "even if parties do not dispute jurisdiction," courts have
4  "independent obligation to assess" jurisdiction).

5  First, KSL has made no showing as to KRC's citizenship.  Although KRC
6  apparently had not been served at the time of removal (see Notice of Removal ¶¶ 6, 9),
7  and Tolosa has not, subsequent to the removal, filed proof of service on KRC, "the
8  existence of diversity is determined from the fact of citizenship of the parties named and
9  not from the fact of service."  See Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176
10 (9th Cir. 1969).  Second, KSL, although stating it is "organized" under "the laws of the
11 State of Virginia" (see Notice of Removal ¶ 22), has not indicated "the State where it has
12 its principal place of business," see 28 U.S.C. § 1332(d)(10) (setting forth, for purposes of
13 CAFA, test for determining citizenship of "unincorporated association"); Ferrell v. Express
14 Check Advance of SC LLC, 591 F.3d 698, 699-700 (4th Cir. 2010) (holding LLC is
15 "unincorporated association" for purposes of CAFA), and, consequently, KSL has not
16 established diversity under CAFA, see 28 U.S.C. § 1332(d)(2)(a); see also Kanter v.
17 Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (holding removing defendants'
18 "failure to specify" one party's citizenship is "fatal" to "assertion of diversity jurisdiction").

19 Accordingly, the Court hereby affords the parties leave to file supplemental
20 briefing, solely for purposes of addressing the question of diversity of citizenship:

21 1.  No later than October 1, 2021, KSL shall file any supplemental brief, not to
22 exceed five pages in length, exclusive of exhibits.

23 2.  No later than October 15, 2021, Tolosa shall file any supplemental responsive
24 brief, not to exceed five pages in length, exclusive of exhibits.

25 3.  The hearing on Tolosa's motion to remand is hereby CONTINUED to
26 November 5, 2021, at 9:00 a.m.

27 4.  In light of the above, the Case Management Conference is hereby
28 CONTINUED from October 22, 2021, to December 10, 2021, at 10:30 a.m.  A Joint Case

Management Statement shall be filed no later than December 3, 2021.

**IT IS SO ORDERED.**

Dated: September 21, 2021

                                                                           /s/ Maxine M. Chesney
                                                                           MAXINE M. CHESNEY
                                                                           United States District Judge